Case for argument is 19-1961, Improved Search v. Microsoft Corporation. Mr. Urio, whenever you're ready. Thank you, Your Honor. It pleases the Court. In this appeal, the principle of disagreement between the parties is one of claim construction, and the issue is whether dialectal standardization includes all within the same first or source language, replacing a term with a common term notwithstanding dialectal variations, or if it's limited to replacing a term of a first dialect with a common term of a second dialect. Just the Court below decided that the second of those two was the proper construction, and that's the main point of disagreement. Mr. Urio, let me move you. Obviously, my colleagues are free to ask whatever they want, but in the interest of time, let me move you to a kind of second issue. There are three claim construction disputes. What if that's elided, and we just go to the question. Tell me your position on why, irrespective of whether we agree or disagree with all of the nuances in the district court's claim construction, can we not affirm this based on no infringement in any event? Is it your view that the record is not sufficient? Is it your view that that issue was not before us? What's your response to the possibility that we would just say, never mind claim construction. Let's just go to the infringement question, no infringement. Yes, Your Honor. We believe that issue is not properly before the Court, and as we pointed out in some detail in the reply brief, once the claim construction order came down from the district court, we inquired as to whether Microsoft had documents or information that would enable the plaintiff to determine, or the plaintiff's expert to determine, whether there were translations that would fit within the court's claim construction. And that's laid out in the reply brief and the appendix. Microsoft represented it had no documents or reports which would identify those translation searches which would comport with the claim construction of dialectal standardization apart from those that did not. That response from Microsoft, which we were entitled to rely on, resulted in a joint application to stay the case, including discovery, including source code review, and including further amended and final infringement contentions. And while we presented our motion for non-infringement based solely on the claim construction, and that was before the court, it was a joint stipulation. The court accepted it and stayed the matter pending our motion for summary judgment based on claim construction. But why are they foreclosed? It's an alternative means by which to affirm the judgment here. And why are they foreclosed? I mean, a cross-appeal would arguably, I think Mr. Trella made the right choice, because a cross-appeal would obviously not be proper because it would enlarge the judgment beyond what we have before us. But why are they not free to make on this record the alternative argument that there was no infringement under any claim construction? Your Honor, the cases that Microsoft relies upon for that are involved in a situation where one party, a defendant or a plaintiff, files a motion for summary judgment on multiple grounds, and the district court affirms on one ground, doesn't decide the other. The case goes up on appeal. The appellate court can look at the alternative grounds in that motion to determine if they can affirm the decision of the district court based on one of those alternative grounds. That would be Glaxo versus Torfam. Well, here they had a cross-motion for summary judgment, which obviously, yeah. As Your Honor pointed out, a cross-motion for summary judgment was not filed, and it was not appropriate given the stay of the case. And the only issue before the district court that the district court decided was our motion for summary judgment for non-infringement. So the court never decided that. So you're saying we don't have the authority to rule otherwise, and the only circumstances we would have that authority, which was if this alternative had been earlier placed before the district court judge as an alternative to the way that he ruled? I'm not debating with you. I just want to understand your position. We filed our motion first for summary judgment based on non-infringement with a stay in place. What Microsoft did in its motion for summary judgment was to raise issues of non-infringement which were not ripe, need not be decided, and really were in the form of an advisory opinion. The district court noted that in its memorandum in order. This is Judge Hughes. Can I just interrupt? This is Judge Hughes. I don't understand why you say this is not right. They were entitled to file a cross-motion for summary judgment. They did. They said no infringement under any claim construction. The district court decided not to rule on that ground because it ruled on the other ground. But that doesn't mean they didn't file a cross-motion or that they weren't entitled to it. Why isn't the fact that they filed sufficient to preserve that for us to rule on it? The district court judge decided our motion first. When the judge decided it, and he did rely on the stay pertaining to the Microsoft motion, when the judge decided it, it mooted the Microsoft motion. So from his perspective, and we agree with it, what was left after the judge decided our motion was really one of an advisory opinion. And the cases that Microsoft relies upon, Laxo, Homeland Housewares, Hill-Rom, they're all discussed in our reply brief, involve a different procedural posture. And it's where the district court judge is faced with the defendant's motion, several grounds, and only decides one. In that case, this court does have authority and jurisdiction to affirm the judgment of the district court on one of the alternative grounds. Our case is factually distinguishable. The judgment on which this appeal is based is solely from our motion, which is based on errors of claim construction. The Microsoft motion was mooted when the judge decided our motion, and their motion for non-infringement on other grounds is not properly before the court. I don't understand that. The judgment is for non-infringement, and as long as they properly raise the argument below and you have an opportunity to respond, why can't we affirm on any alternative basis a non-infringement that's raised by the record? The cases that I mentioned, Your Honor, are... Can you cite a case that says we can't do that? Well, it is well settled that the district court has no jurisdiction, and therefore this court doesn't, to render an advisory opinion based on a hypothetical. That's Texas versus the United States. You keep calling it an advisory opinion, but let me... I'm sorry to interrupt, but if the district court, out of an abundance of caution here, had said, look, under my claim construction, there's no infringement, so I grant no infringement under that ground, but Microsoft has also moved across no infringement under any claim construction or the Pat Vieth claim construction, I'm going to grant summary judgment on that. The district court can do that, right? They can provide alternative grounds for finding some no infringement. It's not an advisory opinion. It's just alternative basis, correct? That's correct in the abstract, but the facts here are different. The alternative grounds argument that was used by Microsoft was not right for determination. In the district court... But that was what I was trying to get at before. Why wasn't it right? To answer that, it's because the case was stayed in terms of discovery by joint stipulation pending the final ruling on claim construction. So when Microsoft cross-moved for summary judgment of no infringement under your construction, did you ask for additional discovery to respond to that motion or make any objection about why it was procedurally improper because you hadn't had sufficient discovery? We made the latter argument that the case was stayed, including discovery, including source code review, by joint stipulation and order entered by the court pending the ruling on claim construction and stayed in all respects discovery, final infringement contention. Therefore, the Microsoft motion for judgment of non-infringement on other non-claim construction grounds was not right to be ruled upon by the court. That's what the district court judge ruled. Are you saying the district court judge said because there's been no discovery on this issue, this motion is not right? Well, he said his conclusion was it wasn't right. The main part of his reasoning from the memorandum... Can you point out that part of the opinion to me? Okay. This is on... Let me get the site to the appendix. It's the district court's memorandum in order on Microsoft's motion. It's pages 8 and 9 of that memorandum in opinion order. Let me get the site for you. The memorandum in order of May 29, 2019, Your Honor, and it's at appendix 65. Can you read me what... I'm sorry, I don't mean to go over, but I don't have the... No, I'm looking at it now. I have it now. It's the first page, and tell me what you're... I've got appendix 65 in front of me. I don't see... If you look at page 8 of the opinion, Your Honor, it's appendix 72. Okay. There's a couple of passages. There's the last sentence in the first paragraph. The court is conclusively determined by consent, that is, in accord with improved concession and Microsoft's agreement that improved has failed to satisfy a required element of the cause of action. Sure, that's on the... And then the court goes on in the next paragraph, the next three paragraphs, that the court need not address Microsoft's affirmative defenses. And one of those was non-infringement, and its motion for summary judgment was based on that affirmative defense. There was no counterclaim. Sorry to interrupt. That discussion is far different from what you were saying previously, that the district court found that that claim wasn't right because there was insufficient discovery. All the court is saying here is, I'm not going to address these alternative grounds because I don't need to. Microsoft wins on this other ground. That's not saying the claim was not right or that it couldn't have found for Microsoft on those affirmative defenses. As I understood, Your Honors, the reasoning of the court is that, appendix 72 and 73, the court did not specifically call out our alternative opposition. I mean, we opposed the motion on several grounds, and it didn't specifically address the issue that the matter was not right given the states. But we certainly made that clear in our opposition to the motion in some detail, and that is a matter that, independent of the court's decision that the summary judgment motion for Microsoft was rendered moot because of granting our motion, but it was also premature and not right for consideration. Wait a minute. So you're saying you made the argument that it's premature because you would need more discovery? Because there was a state on the case of discovery. So that was your response to the cross-motion for summary judgment? There were three points raised, one being that the motion was moot, two, that summary judgment was not right considering the states that had been in place put in place jointly, and three, we disputed that Microsoft had satisfied its burden of proof on summary judgment and pointed out triable issues of fact. All three of those grounds were asserted in our opposition to the Microsoft motion. But the only one that was not the district. Go ahead. Sorry, this is Judge Hughes again. Didn't the district court explicitly reject your attempt to limit the judgment to only the available records and the available discovery on page 73 of its decision? Page 73 of the? Of the appendix, sorry. Page 9 of its decision. The judge did not, in the paragraph beginning with similarly, which I think Your Honor is referring to, the court did not mention the issue of the stay that was in effect. And I don't, as I look at it, I don't think that there was any decision by the court on the substantive opposition that Microsoft had not met its burden and there were triable issues of fact. I don't think the judge, the district court, had anything to say about that point. Did you make a specific motion under Rule 56, I forget which subsection, that you required more discovery to respond to Microsoft's cross-motion for summary judgment of non-infringement on alternative grounds? We did not, Your Honor, because the stay was in place and unlike a normal situation where if a party needed to undertake further discovery, it could follow Rule 56F response, we pointed out that there was a stay in place so there isn't even an opportunity to request additional discovery. And that was the posture of the matter before the district court  Your time is up, but I have one more quick question. Just the Claims 12 and 14 where the judge concluded those were invalid for lack of corresponding instruction on means plus function claims and you weren't appealed. I mean, are you disputing at all that those claims go down no matter what? The means plus function claims that have those terms, we are not challenging on appeal, Your Honor. Okay, thank you. We'll reserve the remission. We'll give you some time back for rebuttal and let's hear from Mr. Trella. Thank you, Your Honor. Thank you, Your Honor, and may it please the court. Let me pick up with this alternative grounds argument. I think there may be some confusion about exactly what happened here. If you look at appendix page 1140 and 1141, that's the party's joint motion which the judge accepted, which kind of set the ground rules for dealing with summary judgment. And I think it's important to note that this procedure was a jointly agreed procedure. That motion expressly provides that Microsoft may file a cross motion for summary judgment of non-infringement. So the suggestion that counsel made that somehow the cross motion wasn't proper or, you know, wasn't timely or something, that's just not right. It's contrary to the stipulation and to the courts, the procedure the court established. You know, counsel argued that he needed more discovery in order to oppose summary judgment. Well, that is precisely what Rule 56D is all about. And a response to a summary judgment motion that invokes Rule 56D and says granting summary judgment now would be premature because I have not had an adequate time for discovery is a response to summary judgment expressly permitted under the terms of the joint motion and stipulation. That would be a response to Microsoft's cross motion for summary judgment, which was expressly permitted. And I want to talk a little bit about this supposed need for more discovery. Besides the fact that Improved Search didn't invoke the procedure that you invoke when that's a concern, Improved Search had access to the source code for many months before any stay was in place. It had technical documents from Microsoft before that. It made no intent to depose anyone about any of that, even when no stay was in place. And I think more importantly, we submitted in support of Microsoft's cross motion for summary judgment a declaration of Garrett Kamenaga, a senior engineer at Microsoft, to explain how the accused product works. And not only did Improved Search not dispute any of his factual statements about how the product works, its expert at appendix page 1395, paragraph 7, affirmatively accepted them as true. He said, for purposes of the motions, I believe that all of his statements are literally true. And in the response to our cross motion for summary judgment, and that's at appendix pages 1620 to 33, they did not, Improved Search did not take issue with any of the statements in the Kamenaga declaration. And what that declaration establishes, among other things, is that the Bing search engine, the accused product, does not extract and replace any content words, which is a requirement of both parties' proposed constructions. It's part of the construction Improved Search says should apply. And also, Bing does not use a second language search engine. It doesn't search using words in the second language or fulfill that element of the claim requirements, which is also a part of Improved Search's own construction. So I think that, given that they did not take issue with any of the factual statements that Microsoft advanced, this notion that somehow discovery would have changed things after they affirmatively accepted these as true, that just doesn't make any sense. And counsel also argued that somehow the Glaxo and Hill-Rom cases are different. They're not different at all. The proposition is well settled that when you present multiple grounds for summary judgment in the district court, which is what happened here, the district court accepts one and either rejects or doesn't address the others, the others are available on appeal as an alternative grounds for affirming that, the judgment that the district court reached. It's not moot. There's still a case or controversy. So the notion that somehow this court can't reach the alternative grounds is just legally incorrect. Well, the question then is, assuming we agree with you that we have the authority to do it, the question is whether that's what we should do. So why isn't it a better route, even if, again, all of this assumes that we can't affirm on claim construction, which no one's decided yet. But assuming that's where we are, why wouldn't the better route still be to send this back to the district court, let the district court decide if they make a motion whether he should grant them more discovery on this question and resume what is otherwise regular order to let the district court have the first bite of the sassel? Well, several reasons, Your Honor. First of all, the proper procedure here would have been for them to invoke Rule 56D, which they did not do, and for good reason, I submit. They had plenty of opportunity for discovery, notwithstanding the stays, and discovery won't make any difference because they have effectively stipulated that the statements in the Kaminaga Declaration are true, and given the truth of those statements, they cannot establish infringement as a matter of law under their own claim construction. So even if they had a right to more discovery, which I submit they don't, given the procedural posture and their failure to invoke Rule 56D, it would accomplish nothing because they've already, in effect, stipulated away infringement by the way they responded to our motion and the Kaminaga Declaration. I don't know if the court has any further questions on the alternative grounds issue. I'm happy to address them. I'm also obviously prepared to talk about the claim construction issues. I'll just say briefly there that the claims all require dialectal standardization of a content word, not just standardization. The construction that improves search offered below and pushes on appeal gives no effect to the claim term dialectal, which is contrary to a long line of this court's claim construction rulings. The way improved search reads the claims, they would mean the same thing if it just said standardization, and so for that reason we think the district court got it exactly right. On the other aspects of the claim construction, more commonly known not only is that included in the description  but as Dr. Shamos, improved search's own expert, made clear, that has to be true, otherwise the invention doesn't work. It doesn't make any sense otherwise, and finally they expressly disclaimed lemmatization and synonyms in the IPR. Again, Dr. Shamos confirmed that, and so that aspect of the construction is correct as well. If the court has no further questions, I'm happy to yield the rest of my time. Colleagues? I don't have any questions. No questions. Thank you very much. Now, Mr. Urio, since Mr. Trella raised the claim construction for at least a few minutes, I feel like you should get a few minutes additional because we didn't raise it for you in the first instance. So if you want to start off and spend a few minutes responding to his argument on claim construction, and then you'll have a few minutes to talk about whatever you want to on the other issues that we were pressing on. Okay. Thank you, Your Honor. Let me deal with principal issues on claim construction first. As Mr. Trella mentioned, the main point that Mike Microsoft makes is that the improved search construction would read the word dialectal out of the claim language, and the district court picked up on that and agreed with Microsoft. We fundamentally disagree with that conclusion because the improved search construction includes both same dialect standardization and cross-dialect standardization, not limited to one or the other. And Microsoft contends that the reason its construction should be adopted is that the purpose of dialectal standardization is to account for dialectal variations. It's in the Microsoft brief at pages 27 to 28. But that's only a partial statement of the purpose of the process. The specification specifically states that the purpose of dialectal standardization is to give one consistent meaning to the identified keyword, notwithstanding dialectal variations. That's at the 101 patent. Okay. Well, I think we have your argument outlined in detail in the brief in that regard. I do want to move you back to the other issue we were discussing. And just ask you if you have any, I mean, two principal arguments made by Mr. Trella, which is you should have invoked 56B, and also the stipulation with regard to their testimony, et cetera. So do you have a quick response to either of those two points? Yes. With respect to 56E request, it was not properly before the court because there was a stay in place. Mr. Teslin indicated that there was a stay. The stay, and he cited to the correct pages of it, stayed all discovery in the case. So the stay would have been, have to have been not present before in responding we could make a Rule 56 request for discovery. The whole point of the stay was to put a hold on discovery and any other issues that the parties wanted to pursue, pending the outcome of the motion that improved search intended to make. So to adopt that decision would mean to not recognize the stay at all. The court had the stay in place, and there was no, it did not allow improved search to conduct the discovery in opposition to the motion. With respect to the substance of the summary judgment motion, I do want to point out that in addition to the non-rightness of the Microsoft's motion for summary judgment of non-infringement on other grounds that we discussed earlier, we also opposed the issues on substantive matter of summary judgment. And that's at pages 28 to 30 of our reply brief. And contrary to what counsel said, Dr. Seamus' declaration, and it's at appendix 16, the full declaration is 1634 to 1637. And he points out, among other things, that one of the main problems with the Kaminga Declaration is that his conclusions rest on assumption that certain limitations were required by the district court's claim construction of dialectal standardization. And we point them out on page 29. Dr. Seamus' declaration addresses those at paragraphs 10 and 11. And he, Dr. Seamus, addressed each of the points and pointed out whether they rested on inappropriate assumptions on a different claim construction. And he also pointed out how they did not resolve the issue. Okay. Let me cut you off because your time has expired. And we obviously have the content of your briefs before us and have gone through it. So thank you very much. I thank both counsel and the cases submitted. Thank you, Your Honor. Thank you, Your Honor.